United States Courts
Southern District of Texas
FILED

JUL 06 2021

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICTCOURT
SOUTHERN DISTRICT OF TEXAS
<u>HOUSTON</u> DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS | } | |
| *Plaintiff* | } | |
| | } | CASE NUMBER : |
| vs. | } | |
| | } | |
| TRANSUNION, LLC | } | |
| *Defendant* | } | |
| | } | **DEMAND BY JURY TRIAL** |

# ORIGINAL COMPLAINT

1. Plaintiff Michael Williams brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Fair Credit Reporting Act ("FCRA") to obtain statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendants violations

# VENUE

2. Venue is proper in The United States District Court for the Southern District of Texas, Houston Division, because the acts and transaction occurred in the district

and because the Defendant transacts business in this district

## THE PARTIES

3. Plaintiff Michael Williams ("**Plaintiff**") is an individual who resides in Houston, Harris County Texas.

4. Transunion is a "consumer reporting agency" as defined by 15 U.S.C. §1692a(f) as it regularly assembles and evaluates credit information on consumers in the United States for the purpose of creating and selling consumer reports.

5. Defendant Transunion, LLC is a foreign corporation engaged in the business of compelling and selling credit reports relating to consumers, and may be served by serving it's registered agent at the following address:

>13785 Research Blvd. Suite 300
>Austin, TX 78750

## FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA

7. Plaintiff incurred an alleged debt for goods services used for personal family or household purposes. (alleged debt").

8. The alleged debt is a "debt" as that term defined by § 1692a(5)

9. Williams attempted to get a Loan for an Automobile

10. Navy Federal Credit Union Requested Williams Credit history from Transunion

11. Williams was Denied a loan by Navy federal Credit Union

12. Williams is informed and believes, and upon agreed such information and belief alleges the basis for the denial of the loan was in part due to negative entry placed on his Transunion credit report by Transunion

13. Williams is informed and believes, and upon such information and belief alleges that Transunion prepared, complied, issued, assembled, transferred, published, and otherwise reproduced a consumer report regarding Plaintiff

14. Williams is informed and believes and upon such information and belief alleges Transunion added information to his consumer credit report relating to a different consumer with the same or similar name

15. An exert of Williams Transunion credit report showing the information reported by Transunion is shown in Exhibit A

16. The entry shows the account with Child support

17. The Entry shows the account was an individual account.

18. Williams did not owe $16 for a child support bill

19. Defendant is one of the "Big Three" consumer reporting agencies in the United States, and is regulated by the FCRA.

20. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

21. Defendant is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the consumer reports they prepare relates. 15 U.S.C. § 1681e(b)

## COUNT I. VIOLATION OF THE FCRA

22. Plaintiff re-alleges the above paragraph as if set forth fully in this count.

23. Section 1681s-2 of the FCRA states:

> (e) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly

```
(i)   modify that item of information;

(ii)  delete that item of information; or

(iii) permanently block the reporting of
that item of information.
```

24. Transunion willfully (or, in alternative, negligently) failed to maintain and /or follow reasonable procedures to assure maximum possibly accuracy of the information it reported to the third parties pertaining to plaintiff or in a consumer reports supplied to third parties, in violation of 15 U.S.C. §1681e(b)

25. Williams has suffered damages because of Transunion's unlawful conduct, including but not limited to the denial of credit , difficulty obtaining an automobile, and economic damages.

26. Transunion knew, or should have known, the consumer report contained erroneous information.

# **REQUEST FOR RELIEF**

27. Plaintiff request this court award him:

   a. Actual damages;

   b. Statutory damages;

   c. Injunctive relief;

   d. Costs; and

   e. A reasonable attorney's fee.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Michael Williams

Plaintiff

1364 old Phelps

Huntsville TX 77340

(346) 334-1923