United States District Court
Southern District of Texas
**ENTERED**
October 29, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, §<br>*Plaintiff*, §<br> §<br>v. §<br> §<br>TRANS UNION, LLC, §<br>*Defendant*. § | | CIVIL ACTION NO. 4:21-CV-2199 |

### MEMORANDUM, RECOMMENDATION, AND ORDER

Plaintiff Michael Williams's case brought pursuant to the Fair Debt Collection Practices Act (FDCPA) and Fair Credit Reporting Act (FCRA) is before the Court on Defendant Trans Union, LLC's Motion for Partial Dismissal and for More Definite Statement.[1] ECF 10. Plaintiff did not file a timely response. *See* Loc. R. S.D. Tex. 7.3, 7.4.[2] The Court recommends Defendant's Motion to Dismiss and for More Definite Statement be GRANTED.

**I.    Failure to State a Claim**

    **A.    Rule 12(b)(6) Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 12.

[2] Under Local Rules for the Southern District of Texas, the Court may construe Plaintiff's failure to respond as an indication the motion is unopposed. LOC. R. S.D. TEX. 7.4. While it is not appropriate to grant a motion to dismiss with prejudice based solely on the lack of response, *Lopez v. VHS San Antonio Partners, LLC*, Civil Action No. 17-CA-151, 2017 WL 10841974, at *1 n.1 (Dec. 19, 2017), Plaintiff has presented no facts that plausibly state a claim for relief and the Court concludes amendment would be futile. *Vanskiver v. City of Seabrook, Texas*, Civil Action No. H-17-3365, 2018 WL 560231, at *7 (S.D. Tex. Jan. 24, 2018). In addition, Plaintiff received notice and represented he was available for a telephone status conference on October 28, 2021 but he did not appear.

court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

    **B.**  **The Complaint Fails to State a Claim under the FDCPA and FCRA § 1681s-2**

To prevail on an FDCPA claim, a plaintiff must prove that (1) he "has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Alonzo,* 2009 WL 174938, *2 (W.D. Tex. Jan. 26, 2009). Despite the introductory paragraph of the Complaint stating that Plaintiff is bringing claims under the FDCPA, the only enumerated cause of action in the Complaint is "Count I: Violation of the FCRA." ECF 1 at 5. The Complaint alleges that Trans Union is a credit reporting agency. *Id.* ¶ 4. The Complaint does not allege that Trans Union is a debt collector, nor does it allege that Trans Union took any action to collect a debt from Williams. *See id.* For these reasons, the Complaint does not state a claim for relief against Trans Union for violation of the FDCPA. Williams has not presented any argument indicating that he could amend his Complaint to assert the necessary allegations in good faith nor has he asked for leave to amend. Therefore, the Court recommends that Plaintiff's FDCPA claims be dismissed with prejudice.

   Section 1681s-2 of the FCRA imposes duties on entities that furnish information to consumer reporting agencies, not on consumer reporting agencies themselves. *Davis v. Equifax*

*Info. Servs. LLC*, 2019 WL 1431215 (W.D. La. March 1, 2019) (finding that § 1681s-2a "applies only to 'furnishers of information,' and not to CRAs"). Plaintiff's Complaint alleges that Trans Union is a credit report agency "engaged in the business of comp[iling] and selling credit reports relating to consumers." ECF 1, ¶ 5. Plaintiff's Complaint further alleged that Trans Union provided his credit history to Navy Federal Credit Union, which denied his application for a car loan. ECF 1, ¶ 10. The Complaint does not allege that Trans Union furnished false or inaccurate information *to a credit reporting agency*. *See* ECF 1. Therefore, the Complaint fails to state a claim under § 1681s-2 and this claim also should be dismissed with prejudice.

## II.     More Definite Statement

### A.     Rule 12(e) Standards

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Such motions should be granted when a Complaint is so vague and ambiguous that a defendant is prejudiced in its attempt to answer. *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017), *aff'd sub nom. Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 734 F. App'x 916 (5th Cir. 2018) (quoting *Phillips v. ABB Combustion Eng'g, Inc.*, Civ. A. No. 13-594, 2013 WL 3155224 (E.D. La. June 19, 2013). It is not a substitute for discovery. *Id.* The court has considerable discretion in deciding a Rule 12(e) motion. *Id.*

The Court finds that Plaintiff's § 1681(e)(b) allegations are confusing and vague. Plaintiff alleges that Trans Union "added information to his consumer credit report relating to a different consumer with the same or similar name" on its June 18, 2021 credit report. ECF 1, ¶¶ 14-15, Ex. A. However, he also attaches to the Complaint a Texas Attorney General child support statement

for what appears to be his own individual account as of May 19, 2021. *Id.*, Ex. A. Therefore, Defendant is unsure whether Plaintiff is alleging that it reported information from the wrong consumer, or if he is alleging that Plaintiff inaccurately reported an arrearage on Plaintiff's own account, or both. Plaintiff did not file a response to the Motion for More Definite Statement and has not objected to filing an amended complaint. Therefore, the Motion for More Definite Statement is GRANTED.

### III.   Conclusion, Recommendation, and Order

For the reasons discussed above, the Court RECOMMENDS that Defendant's Partial Motion for Dismissal (ECF 10) be GRANTED and Plaintiff's FDCPA and FCRA § 1681s-2 claims be DISMISSED WITH PREJUDICE. It is further ORDERED that, within 21 days of entry of this Order, Plaintiff shall file an Amended Complaint alleging the factual basis for his FCRA § 1681e(b) claim against Trans Union with more specificity.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 28, 2021, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge